# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7972 | **DATE** | 2/20/2013 |
| **CASE TITLE** | Cleo Young (K50856) vs. Chicago Police Dist. 3 et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [8] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $6.51 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. Defendants Chicago Police Dist.3, Saint Bernard Hospital E.R., Cook County Sheriff's Department, Cook County Jail, and Cook County Hospital are dismissed. The Clerk is instructed to add John Doe Chicago police officer, John Doe Cook County Jail Correctional Officer, and Chicago Police Superintendent Garry McCarthy as Defendants. Dart and McCarthy are Defendants solely so that Plaintiff may identify the John Doe Defendants. The Clerk is instructed to issue summonses for service on Defendants Superintendent McCarthy and Sheriff Dart. The Clerk also shall send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve McCarthy and Dart. The Clerk is instructed to change the case caption to *Young v. Doe*.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

*Pro se* Plaintiff Cleo Young, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [8] and complaint for an initial review pursuant to 28 U.S.C. § 1915A. [1].

Plaintiff's motion for leave to proceed *in forma pauperis* [8] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.51. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's

# STATEMENT

Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Plaintiff alleges that he was arrested by the Chicago police and taken to the police station on September 27, 2011. He experienced dizziness and dehydration due to high blood pressure while detained at the station. Plaintiff complained to Chicago police officers, who took him to Saint Bernard Hospital. While at the hospital, he received treatment and medication. Plaintiff claims that he continued to experience symptoms, but the officers took him back to the police station and eventually transferred him to the Cook County Jail.

Plaintiff informed Cook County correctional officials about his dizziness and dehydration upon his arrival at the Jail. The correctional officers allegedly ignored Plaintiff. Plaintiff then suffered a seizure, collapsed, and struck his head on the floor.

Plaintiff was taken to Stroger Hospital where he received ten stitches and was told by a hospital officials that he needed to stay for three to four days for observation and follow-up testing. However, he did not receive the needed testing because correctional officers again transferred him back to Cook County Jail.

Plaintiff may proceed with claims regarding the alleged failure to provide him proper medical care. The parties should be aware that the Fourth Amendment (as applied through the Fourteenth Amendment) applies to Plaintiff's claim during the period from his arrest to his *Gerstein* probable cause hearing. *Ortiz v. City of Chi.*, 656 F.3d 523, 530-31 (7th Cir. 2011) (citing *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007)); *Lopez v. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006)). Plaintiff's claim is then governed by Fourteenth Amendment's deliberate indifference standard once he is detained following a probable cause hearing. *Id.*

Despite having a viable claim for lack of appropriate medical care, Plaintiff's named Defendants are unacceptable. The Chicago Police District 3, Cook County Sheriff's Department, Cook County Jail, and Cook County Hospital are all entities that cannot be sued. See *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam); *Lewis v. City of Chi.*, 496 F.3d 645, 645 n.1 (7th Cir. 2007); *Mendez v. Cook Cnty. Jail*, No. No. 12 C 8517, 2012 WL 5342384, at *1 (N.D. Ill. Oct. 26, 2012) (citing *Castillo v. Cook Cnty. Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993)).

Plaintiff could name the City of Chicago, Cook County, and/or the Cook County Sheriff in his official capacity if he wanted to effectively sue the aforementioned entities. However, that effort is presently futile based on the information presented in the complaint because there is no allegation that the alleged constitutional violations resulted from an official governmental policy. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Plaintiff should also be aware that Sheriff Tom Dart is not a proper Defendant because the complaint does not allege that he was personally involved with any alleged constitutional violation. *Ashcroft v. Iqbal*, 662, 676 (2009). Finally, the medical staffs at Saint Bernard and Cook County Hospital are not proper Defendants because Plaintiff concedes that they provided him proper medical care. The complaint states that the police and correctional officers were the ones who denied him proper and timely treatment.

| STATEMENT |
|---|

Thus, the proper Defendants are the individual Chicago Police officers and Cook County Correctional Officers who allegedly ignored Plaintiff's medical needs. These are the individuals who allegedly failed to take him to the hospital in a timely fashion and removed him from the hospital when he needed additional care. As Plaintiff has not yet identified them, the docket shall be reflected to add John Doe Chicago Police Officer and John Doe Cook County Correctional Officer.

Plaintiff should be aware that he cannot obtain damages from any Defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the officer as a John Doe is ultimately insufficient. Plaintiff cannot obtain service on any Doe Defendants; he must determine their names. Chicago Police Superintendent Garry McCarthy is added as a Defendant, and Sheriff Tom Dart remains as a Defendant solely so that Plaintiff can identify the John Doe Chicago police officers and Cook County Jail correctional officers who allegedly ignored his medical needs.

Once attorneys have entered appearances on behalf of Superintendent McCarthy and Sheriff Dart, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Doe Defendants' identities, he may submit a proposed amended complaint that names the Doe Defendants under their actual names. Summonses will then be issued for service on Defendants who allegedly injured Plaintiff and Superintendent McCarthy and Sheriff Dart will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Doe Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should Plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk is instructed to issue summonses for service on Defendants Superintendent McCarthy and Sheriff Dart. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employees who no longer can be found at the work address provided by Plaintiff, City of Chicago / Chicago Police Department and Cook County /

## STATEMENT

Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once attorneys have entered appearances on behalf of Defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.